Filing # 244644937 E-Filed 03/26/2026 10:05:29 AM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Junie Pierre
Plaintiff

Case # ________________
Judge ________________

vs.
Costco Wholesale Corporation
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
- ☐ Business governance
- ☐ Business torts
- ☐ Environmental/Toxic tort
- ☐ Third party indemnification
- ☐ Construction defect
- ☐ Mass tort
- ☐ Negligent security
- ☐ Nursing home negligence
- ☒ Premises liability—commercial
- ☐ Premises liability—residential

☐ Products liability
☐ Real Property/Mortgage foreclosure
- ☐ Commercial foreclosure
- ☐ Homestead residential foreclosure
- ☐ Non-homestead residential foreclosure
- ☐ Other real property actions

☐ Professional malpractice
- ☐ Malpractice—business
- ☐ Malpractice—medical
- ☐ Malpractice—other professional

☐ Other
- ☐ Antitrust/Trade regulation
- ☐ Business transactions
- ☐ Constitutional challenge—statute or ordinance
- ☐ Constitutional challenge—proposed amendment
- ☐ Corporate trusts
- ☐ Discrimination—employment or other
- ☐ Insurance claims
- ☐ Intellectual property
- ☐ Libel/Slander
- ☐ Shareholder derivative action
- ☐ Securities litigation
- ☐ Trade secrets
- ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jacob D Maldonado Jr — Attorney or party
Fla. Bar # 958300 — (Bar # if attorney)

Jacob D Maldonado Jr — (type or print name)
03/26/2026 — Date

Filing # 244644937 E-Filed 03/26/2026 10:05:29 AM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.

_______________________________/

**COMPLAINT**

COMES NOW, the Plaintiff, JUNIE PIERRE, by and through the undersigned counsel, sues Defendant, COSTCO WHOLESALE CORPORATION, and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00) exclusive of attorney's fees, interest and costs and therefore, within the jurisdiction of this Court.

2. All material times to this Complaint, Plaintiff, JUNIE PIERRE, was a citizen and resident of Miami-Dade County, Florida.

3. At all material times to this Complaint, Defendant, COSTCO WHOLESALE CORPORATION, was a Foreign Profit Corporation who owned, operated, controlled and/or maintained the premises located at 14800 Sola Mia Way, North Miami, Florida in Miami-Dade County, Florida.

4. On or about June 27, 2024, Defendant was the owner and in possession of a building at 14800 Sola Mia Way, North Miami, Florida in Miami-Dade County that was used as a retail store.

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

5. At that time and place, Plaintiff went on the property to make a purchase.

6. Defendant negligently maintained the floor on the property by failing to properly maintain and keep the floor dry and clear of liquid on the floor and failing to warn of a dangerous condition so that plaintiff fell on the property.

7. The negligent condition was known to Defendant or existed for a sufficient length of time so that Defendants should have known about it.

8. As a result, Plaintiff was injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of the injuries, and suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**JURY TRIAL DEMAND**

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial on all issues so triable as a matter of right.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*___
Jacob D. Maldonado, Esq.
FBN 0958300

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.

_______________________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

COMES NOW, the Plaintiff, JUNIE PIERRE, pursuant to Rules 1.280 and 1.340, and the other applicable rules of the Florida Rules of Civil Procedure, hereby files this First Request For Production to the Defendant to produce for inspection or copying at Bernstein and Maryanoff, LLC, on or before the time prescribed by said Rule, the following:

**For each and every item not produced and of which you claim privilege and/or an objection, please attach a privilege log pursuant to the Florida Rules of Civil Procedure.**

1. All insurance policies that would insure to the benefit of the Plaintiff herein, together with any declaration of coverage page and sworn statement of a corporate officer of the Defendant attesting to the coverage and authenticity of the policy as required by Florida Statutes.

1. Any and all surveillance films or photographs of the Plaintiff taken by you or anyone on your behalf.

2. Any surveillance tapes which show or depict the subject accident.

3. Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to any fact in this case, taken prior to the filing of suit in this matter.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

4. A complete list of all personnel working at the subject premises at the time of the incident.

5. Any and all photographs taken by the Defendant of the scene of the accident or the Plaintiff at any time prior to the filing of suit or after.

6. Any and all statements taken of the Plaintiff in this cause.

7. Any and all maintenance and/or cleaning records of the subject premises for the two week period prior to the incident giving rise to this lawsuit, including, but not limited to sweep sheets, invoices, work orders, memorandums, bills or other writings.

8. Any and all manuals or written policies and procedures in place as concerns demonstrations to the public such as that which took place on the date of the incident.

9. Copies of any and all written cleaning, inspection and/or maintenance procedures for the subject premises, which were in effect at the date and time of the accident.

10. Any and all written contracts and/or agreements with any person or entity for the cleaning or maintenance of the subject property which were in effect on the date of the subject incident and for the one year period preceding.

11. Any and all written documents including, but not limited to written complaints, pleadings, incident/accident reports, statements or other writings reflecting any prior accidents or incidents giving rise to bodily injuries of any person for the one year period prior to the date of the accident described in the Complaint.

12. If this Defendant is denying ownership or control over the property that is the subject of this lawsuit then please provide any written documents, which show the name or identity of said owner and/or occupier of the premises.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

13. Any and all citations or other written sanctions by any governmental entity issued to the owner or occupier of the subject premises for violations of any building codes, governmental ordinances/regulations or laws for the two (2) year period prior to the date of the accident alleged in the Complaint.

14. Timecards of any and all employees of the defendant who were present on the subject premises on the day of the alleged incident.

15. Building permits, certificates of occupancy, blueprints, invoices, bills, contracts, liens and/or any other writings reflecting any construction work of any kind done on your property for the past five years.

16. Copies of any writings reflecting inspection of the subject premises by the Fire Marshall.

17. Contracts, agreements, bills or writings of any kind reflecting any cleaning or maintenance of the property.

18. Contracts or written agreements with any property maintenance companies in effect at the time of the subject accident.

19. Copy of the lease or tenant agreement between the Plaintiff and the Defendant at the subject premises.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Summons and Complaint and served upon the Defendant.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*___
Jacob D. Maldonado, Esq.
FBN 0958300

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Filing # 244644937 E-Filed 03/26/2026 10:05:29 AM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.
_______________________________________/

**NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT**

COMES NOW, the Plaintiff, JUNIE PIERRE, by and through undersigned counsel, propound the following Interrogatories numbered 1 through 14 to Defendant to be answered in writing, under oath, in accordance with the applicable Florida Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant along with the Summons, Complaint and Request for Production.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*___
Jacob D. Maldonado, Esq.
FBN 0958300

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

## PERSONAL INJURY INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

4. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which you rely for each affirmative defense in your answer.

6. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report;

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

8. Please state the names and present addresses, or such information as is known regarding same, of all persons known to you and/or your attorneys and/or your representatives who were eye witnesses and/or claim to have been in sight, hearing or in the approximate vicinity of the accident at the time and place alleged in the complaint as to each such person please state:

a. if there is a statement from such person,

b. the time and date such statement was taken,

c. whether such statement was signed or unsigned by such person,

d. whether such statement was in written or in stenographic form,

e. the name and address and employment capacity of the person or persons who obtained or took the statement,

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

f. whether such statement was orally recorded, and, if so, whether same has been transcribed, giving names and addresses of all persons recording and/or transcribing same, and

g. whether a copy of said statement was furnished to the person giving the statement, and if so, when.

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

10. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

12. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

13. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

______________________________
Affiant

STATE OF FLORIDA )
:SS
COUNTY OF ____________ )

The foregoing Answers to Interrogatories were acknowledged before me on this ____ day of ______________________, 20___ by _______________________, who is personally known to me or who has produced ____________________ as identification and who did (did not) take an oath. He/she states that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge, information and belief.

_________________________________
NOTARY PUBLIC STATE OF FLORIDA

My Commission Expires:

Filing # 244650683 E-Filed 03/26/2026 10:45:11 AM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

**CIVIL ACTION SUMMONS**

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.
_______________________________________/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, Interrogatories, Request for Production and Request for Admissions, in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
By Serving: CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint on Plaintiff's attorney:

whose address is:
Jacob D. Maldonado, Esq.
BERNSTEIN & MARYANOFF, LLC.
9415 Sunset Drive, Suite 226
Miami, FL 33173

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorneys or immediately thereafter. Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

DATED ON ____________________________, 202__.

JUAN FERNANDEZ-BARQUIN
as Clerk of said Court

By__________________________
as Deputy Clerk

(COURT SEAL)

This notice is provided pursuant to Administrative Order No. 2.207-1/15

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

**CIVIL ACTION SUMMONS**

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.
_________________________________/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, Interrogatories, Request for Production and Request for Admissions, in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
By Serving: CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint on Plaintiff's attorney:

Jacob D. Maldonado, Esq.
whose address is: BERNSTEIN & MARYANOFF, LLC.
9415 Sunset Drive, Suite 226
Miami, FL 33173

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorneys or immediately thereafter. Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

3/30/2026

DATED ON ____________________________, 202__.

JUAN FERNANDEZ-BARQUIN
as Clerk of said Court

By____________________________
as Deputy Clerk

21940

(COURT SEAL)

This notice is provided pursuant to Administrative Order No. 2.207-1/15

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

# VERIFIED RETURN OF SERVICE

**State of Florida** **County of Miami-Dade** **Circuit Court**

Case Number: 2026-006235-CA-01

SOP2026000475

Plaintiff:
**JUNIE PIERRE,**

vs.

Defendant:
**COSTCO WHOLESALE CORPORATION,**

For:
Jacob D. Maldonado, Esq.
BERNSTEIN AND MARYANOFF
9415 Sunset Drive
Suite 226
Miami, FL 33173

Received by SERVICE OF PROCESS, INC. on the 31st day of March, 2026 at 12:24 pm to be served on **COSTCO WHOLESALE CORPORATION CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324**.

I, Jaime Cely, do hereby affirm that on the **1st day of April, 2026 at 3:05 pm, I:**

served a **CORPORATION** by delivering a true copy of the **CIVIL ACTION SUMMONS; COMPLAINT; NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT AND PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **SR. CORP. OPERATIONS MANAGER FOR CT CORP.** for **COSTCO WHOLESALE CORPORATION**, at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, F.S. 92.525 Verification of documents.

**Jaime Cely**
SPS #708

**SERVICE OF PROCESS, INC.**
**3741 S.W. 132 Avenue**
**MIAMI, FL 33175**
**(305) 226-6809**

Our Job Serial Number: SOP-2026000475

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 244650683 E-Filed 03/26/2026 10:45:11 AM

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

**CIVIL ACTION SUMMONS**

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendant.
_______________________________________/

**Service Date and Time: 4/1/2026 3:05 pm**
**Actual Service:**
**DONNA MOCH / SR. CORP. OPERATIONS MANAGER FOR CT CORP.**
**1200 S. PINE ISLAND ROAD**
**PLANTATION, FL 33324**
**Server: Jaime Cely License: SPS #708**

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, Interrogatories, Request for Production and Request for Admissions, in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
By Serving: CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint on Plaintiff's attorney:

whose address is: Jacob D. Maldonado, Esq.
BERNSTEIN & MARYANOFF, LLC.
9415 Sunset Drive, Suite 226
Miami, FL 33173

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorneys or immediately thereafter. Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

DATED ON 3/30/2026, 202__.

JUAN FERNANDEZ-BARQUIN
as Clerk of said Court

By ____________________ 219401
as Deputy Clerk

(COURT SEAL)

This notice is provided pursuant to Administrative Order No. 2.207-1/15

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION

Defendant.
______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES**

COMES NOW, the Plaintiff, JUNIE PIERRE, by and through undersigned counsel, hereby files this response to DEFENDANT'S Affirmative Defenses and would state as follows:

1. The Plaintiff hereby denies each and every allegation contained in the defendant's affirmative defenses and demands strict proof thereof.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled and served electronically through the Circuit Court E-Portal System to Jamie J. Baca, Esquire (miacrtpleadings@wickersmith.com) on this 6th day of May, 2026.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*
Jacob D. Maldonado, Esq.
FBN 0958300

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION

Defendant.
______________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES**

COMES NOW, the Plaintiff, JUNIE PIERRE, by and through undersigned counsel, hereby files this response to DEFENDANT'S Affirmative Defenses and would state as follows:

1. The Plaintiff hereby denies each and every allegation contained in the defendant's affirmative defenses and demands strict proof thereof.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled and served electronically through the Circuit Court E-Portal System to Jamie J. Baca, Esquire (miacrtpleadings@wickersmith.com) on this 6th day of May, 2026.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*___
Jacob D. Maldonado, Esq.
FBN 0958300

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

127512-4

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JUNIE PIERRE,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION

Defendants.
_______________________________/

CIRCUIT CIVIL DIVISION

CASE NO. 2026-6235-CA-01

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant, COSTCO WHOLESALE CORPORATION, by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

1. Without knowledge, therefore, denied.
2. Without knowledge, therefore, denied.
3. Admitted.
4. Admitted Defendant was in possession of the building at 14800 Sole Mia Way, North Miami, Florida in Miami-Dade County that was used as a retail store. Defendant denies the remaining allegations and demands strict proof thereof.
5. Without knowledge, therefore, denied.
6. Denied.
7. Denied.
8. Denied.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS



## AFFIRMATIVE DEFENSES

1. Defendant denies there was any dangerous condition.
2. Defendant states that the Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.
3. At the time and place alleged in the Complaint, the Plaintiff was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to any injuries or damages which the Plaintiff sustained, if any, and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.
4. Defendant states that at all times material to the Complaint, the Plaintiff knew or in the exercise of reasonable care should have known of the potential hazards and dangers alleged in the Complaint and that the Plaintiff voluntarily chose to remain exposed to the potential hazards and dangers which the Plaintiff now complains and therefore, the Plaintiff is barred from recovery against this Defendant as he assumed the risk.
5. Defendant states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute Section 768.81.
6. If there was any negligence that caused or contributed to the Plaintiff's alleged injuries, it was solely the result of negligence on the part of third parties who were not under the

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS



care, custody, control, or supervision of this Defendant, and therefore, the Plaintiff cannot recover against this Defendant.

7. Defendant states that the Plaintiff has failed to mitigate damages as required under Florida law and any such recovery should be proportionately reduced as a result of this failure.

8. Defendant specifically claims any credit or set-off to which the Defendant may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever.

9. Defendant states that the Plaintiff failed to observe and follow warnings and instructions and any damages alleged in the Complaint are a result of this failure and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced accordingly pursuant to the doctrine of comparative negligence.

10. The Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged accident was such that the Defendant's act(s) or omission(s), if any, did not proximately cause or contribute in any manner to the Plaintiff's alleged injuries and/or damages and the Defendant may not be held liable for any such alleged injuries or damages.

11. Defendant states that it had no constructive or actual notice of the alleged dangerous condition, or, alternatively, that such condition was open and obvious to the Plaintiff.

12. Defendant affirmatively alleges Costco's negligence, if any, was not the legal cause of Plaintiffs' losses, injuries, or damages.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS



13. Defendant affirmatively alleges Plaintiff's medical expenses incurred are unrelated, exaggerated, and unreasonable.
14. Defendant affirmatively alleges Plaintiff's claims for loss of wages or earning capacity are unrelated, exaggerated, and unreasonable.
15. Defendant affirmatively alleges Plaintiff's medical expenses incurred are limited to the amount paid or owed to Plaintiff's health care provider and not the amount charged by the health care provider.
16. Defendants affirmatively allege entitlement to all of the protections of Florida Tort Reform Bill 837 and SB 836. These protections include any and all limitations on admissibility of Plaintiff's past and future medical bills, health insurance payments, reasonable rates for Plaintiff's medical treatment and costs for said medical treatment, limitations of the recovery of damages at trial and the doctrine of comparative fault.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury of all issues so triable as of right by a jury.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jacob Maldonado, Esquire, Bernstein & Maryanoff, LLC., jake@911injured.com; elizabeth@911injured.com on this 6th day of May 2026.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Blvd., Suite 800

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS



Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
MIAcrtpleadings@wickersmith.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2026-006235-CA-01

JUNIE PIERRE,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION

Defendant.
______________________________________/

**PLAINTIFF'S NOTICE OF COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.280**

COMES NOW, the Plaintiff, JUNIE PIERRE, pursuant to Fla. R. Civ. P 1.280 and Florida Supreme Court Administrative Order AOSC23-0962, by and through the undersigned counsel hereby gives notice of compliance with the Initial Disclosures via email to all counsel(s) of record on the date shown below.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled and served electronically through the Circuit Court E-Portal System to Jamie J. Baca, Esquire (miacrtpleadings@wickersmith.com) on this 13th day of May, 2026.

**BERNSTEIN & MARYANOFF, LLC.**
Attorney for Plaintiff
9415 Sunset Drive, Suite 226
Miami, FL 33173
Jake@911injured.com
Elizabeth@911injured.com
305-252-6700 Ext. 229

*"s/" Jacob D. Maldonado, Esq.*___
Jacob D. Maldonado, Esq.
FBN 0958300

Filing # 248876334 E-Filed 05/25/2026 10:15:30 PM

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-006235-CA-01
SECTION: CA02
JUDGE: Lourdes Simon

**Junie Pierre**

Plaintiff(s)

vs.

**Costco Wholesale Corporation**

Defendant(s)

______________________________/

## CASE MANAGEMENT ORDER
## (GENERAL PATHWAY)

**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

**ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **07-24-2026** |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

| | |
|---|---|
| **Deadline for Service Under Extensions:** | **09-22-2026** |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | **09-22-2026** |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | **09-22-2026** |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | **09-22-2026** |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **10-12-2026** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **10-12-2026** |
| **Deadline for Adding Parties:** | **10-27-2026** |
| **Deadline for Witness and Exhibit List:** | **11-11-2026** |
| **Deadline for Inspections/Examinations:** | **11-11-2026** |
| **Deadline for Fact Discovery Completion (Including Depositions):** | **12-01-2026** |
| **Deadline for Expert Disclosure:** | **12-11-2026** |
| **Deadline for Expert Discovery Completion:** | **01-25-2027** |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | **02-19-2027** |
| **Deadline for Dispositive Motions:** | **02-19-2027** |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | **02-19-2027** |
| **Deadline for ADR/Mediation:** | **02-19-2027** |
| **Projected Trial Date:** | **05-20-2027** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order. Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

**Discovery**

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**: Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case. Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**Witness and Exhibits Lists**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

**Mediation**

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

**Setting Trial**

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 25th day of May, 2026.




2026-006235-CA-01 05-25-2026 10:00 PM
Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

**Electronically Served:**

- Jacob D Maldonado Jr: jake@911injured.com
- Jacob D Maldonado Jr: elizabeth@911injured.com
- Jaime J Baca: miacrtpleadings@wickersmith.com
- Jaime J Baca: JBaca@wickersmith.com
- Marlene Brito: mbrito@wickersmith.com
- Marlene Brito: aluis@wickersmith.com
- Marlene Brito: DRodriguez1@wickersmith.com
- Cristal Castillero: CCastillero@wickersmith.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-006235-CA-01
SECTION: CA02
JUDGE: Lourdes Simon

**Junie Pierre**

Plaintiff(s)

vs.

**Costco Wholesale Corporation**

Defendant(s)

______________________________/

**CASE MANAGEMENT ORDER**
**(GENERAL PATHWAY)**

**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

**ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| **CASE MANAGEMENT DEADLINES** | |
|---|---|
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **07-24-2026** |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

| | |
|---|---|
| **Deadline for Service Under Extensions:** | **09-22-2026** |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | **09-22-2026** |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | **09-22-2026** |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | **09-22-2026** |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **10-12-2026** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **10-12-2026** |
| **Deadline for Adding Parties:** | **10-27-2026** |
| **Deadline for Witness and Exhibit List:** | **11-11-2026** |
| **Deadline for Inspections/Examinations:** | **11-11-2026** |
| **Deadline for Fact Discovery Completion (Including Depositions):** | **12-01-2026** |
| **Deadline for Expert Disclosure:** | **12-11-2026** |
| **Deadline for Expert Discovery Completion:** | **01-25-2027** |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | **02-19-2027** |
| **Deadline for Dispositive Motions:** | **02-19-2027** |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | **02-19-2027** |
| **Deadline for ADR/Mediation:** | **02-19-2027** |
| **Projected Trial Date:** | **05-20-2027** |

## CASE MANAGEMENT PROCEDURES
## Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   <u>If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline</u>.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order. Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

## Discovery

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**: Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case. Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**Witness and Exhibits Lists**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

**Mediation**

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

**Setting Trial**

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 25th day of May, 2026.

2026-006235-CA-01 05-25-2026 10:00 PM

2026-006235-CA-01 05-25-2026 10:00 PM
Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

**Electronically Served:**

- Jacob D Maldonado Jr: jake@911injured.com
- Jacob D Maldonado Jr: elizabeth@911injured.com
- Jaime J Baca: miacrtpleadings@wickersmith.com
- Jaime J Baca: JBaca@wickersmith.com
- Marlene Brito: mbrito@wickersmith.com
- Marlene Brito: aluis@wickersmith.com
- Marlene Brito: DRodriguez1@wickersmith.com
- Cristal Castillero: CCastillero@wickersmith.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

127512-4

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JUNIE PIERRE,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION

Defendants.

_____________________________/

CIRCUIT CIVIL DIVISION

CASE NO. 2026-6235-CA-01

**DEFENDANT'S NOTICE OF COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.280(a)**

Defendant, COSTCO WHOLESALE CORPORATION, by and through undersigned counsel, hereby give notice that it has complied with Rule 1.280(a) of the Florida Rules of Civil Procedure, and provided its Initial Disclosures via email to all counsel of record on the date shown below.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jacob D. Maldonado, Esquire, jake@911injured.com; elizabeth@911injured.com; on this 1st day of June 2026.

*/s/ Jaime J. Baca*

Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Costco Wholesale Corporation
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
JJBcrtpleadings@wickersmith.com
mbrito@wickersmith.com
aluis@wickersmith.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS